# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Criminal Action |
| ) | No. 20-mj-02038-DPR |
| KEVIN LEVON BONNER, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

After the United States orally moved for pretrial detention, a hearing was held in this matter pursuant to § 3142(f), Title 18, United States Code. The defendant was present personally and with his counsel Michelle Moulder, Assistant Federal Public Defender. The United States was represented by Ami Miller, Assistant United States Attorney.

A complaint and supporting affidavit have been filed in this case. The affidavit supports a finding of probable cause to believe that the offense charged was committed by this defendant. Based on the evidence presented at the hearing, there are no conditions the Court can impose that would reasonably assure the defendant's appearance at all scheduled hearings and the safety of other persons or the community.

The factors to be considered by the Court are enumerated in Title 18, United States Code, Section 3142(g). The evidence at the detention hearing established that the weight of the evidence against the defendant is overwhelming.

1

Regarding the potential for failure to appear, the Court notes the offense charged, defendant's mental health history (current), lack of familial, residential, community, employment, property, and financial ties (not limited to the district of arrest), lack of verifiable, legitimate employment, and lack of a home plan. The Court also notes defendant's criminal history which includes criminal activity while under supervision and history of failure to appear.

Regarding the potential danger to the community, the Court notes the nature of the instant offense and defendant's criminal history which includes, but is not limited to, the following: prior felony and misdemeanor arrests and convictions; violent behavior history; pattern of similar criminal activity history; criminal activity while under supervision; history of weapons use; prior arrest involving a child; and, charge involving domestic violence. In addition, the Court notes defendant's mental health history (current) and safety concerns for the community.

Based on all the foregoing, the Courts finds by a preponderance of the evidence that the defendant is a risk of flight and finds by clear and convincing evidence that the defendant is a danger to the community.

**IT IS THEREFORE ORDERED** that the defendant be and is hereby detained without bail.

**IT IS FURTHER ORDERED** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the

defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDRED.**

**DATED:   July 22, 2020**

>            */s/ David P. Rush*
> DAVID P. RUSH
> United States Magistrate Judge